FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
RICHMOND ~~Alexandria~~ **Division**

2013 OCT -2 P 4: 28

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**MACRONIX INTERNATIONAL CO., LTD,** a Taiwanese corporation,

Plaintiff,

v.

**SPANSION INC.**, a Delaware corporation, and **SPANSION LLC**, a Delaware corporation,

Defendants.

**Civil Action No.** 3:13cv679-REP

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Macronix International Co., Ltd. ("Macronix") brings this action for patent infringement against Spansion, Inc. and Spansion LLC (collectively, the "Defendants"), and in support thereof states as follows:

**INTRODUCTION**

1. Macronix brings this action pursuant to the patent laws of the United States, including 35 U.S.C. § 271, et seq. Defendants have and continue to infringe one or more claims of U.S. Patent Nos. 5,619,052 ("the '052 Patent"); 5,836,772 ("the '772 Patent"); 5,998,826 ("the '826 Patent"); 6,031,757 ("the '757 Patent"); 6,421,267 ("the '267 Patent"); 8,341,324 ("the '324 Patent"); and 8,341,330 ("the '330 Patent") (collectively, the "Macronix Patents" or the "Patents-in-Suit"). True and correct copies of the Macronix Patents are attached hereto as Exhibits A through G, respectively.

RECEIVED
OCT - 4 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## THE PARTIES

2. Macronix International Co., Ltd. is a corporation organized under the laws of Taiwan, having its principal place of business at No. 16, Li-Hsin Road, Science Park, Hsin-chu, Taiwan, Republic of China. Macronix is the owner of all right, title and interest to the Macronix Patents, including the right to collect damages for past infringement of the Macronix Patents.

3. Upon information and belief, Spansion, Inc. is incorporated in Delaware and its headquarters are located at 915 DeGuigne Drive, Sunnyvale, CA 94085. Spansion, Inc. makes, uses, sells, offers to sell, and imports flash memory chips that infringe the Macronix Patents in this District and elsewhere.

4. Upon information and belief, Spansion LLC is a wholly owned operating subsidiary company of Spansion, Inc. Spansion LLC is incorporated in Delaware and its headquarters are located at 915 DeGuigne Drive, Sunnyvale, CA 94085. Spansion LLC makes, uses, sells, offers to sell, and imports flash memory chips that infringe the Macronix Patents in this District and elsewhere.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, this Court has personal jurisdiction over Defendants for at least the following reasons: (i) Defendants have committed acts of willful patent infringement, and/or induced acts of patent infringement by others, in this District and elsewhere in Virginia and the United States; (ii) Defendants knowingly and intentionally place their

products, including the accused products, into the stream of commerce within this District and can reasonably be expected to be hailed into court here; (iii) Defendants have voluntarily consented to the jurisdiction of this Court with regard to patent infringement actions involving flash memory devices, including because Spansion LLC previously filed a similar action within this District and further opposed transferring that case out of this District.

7. Upon information and belief, venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b) because Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District. For instance, upon information and belief, Defendants have sold infringing products to downstream customers located in this District, including: Cornet Technology, Inc., Encore Networks, Power Monitors, Inc., Vidar Systems, and NAL Research.

## BACKGROUND

8. Established in 1989, Macronix is a leading innovator of non-volatile memory semiconductor solutions. Led by scientists and researchers, Macronix dedicates a substantial portion of its revenue, upwards of $170 million annually, to research and development and regularly publishes and presents technical papers in major international conferences to help bring the next generation of non-volatile memory solutions to consumers all over the world. Macronix's cutting-edge technology is used in a wide-range of products.

9. Macronix has made substantial investments in protecting its intellectual property. Macronix has over 5,000 patents issued to it world-wide, including over 1,700 United States patents. According to a 2011 study by the Patent Board™, among the 240 semiconductor companies evaluated, Macronix's patent portfolio was ranked as the 18th worldwide and 1st in the Taiwanese semiconductor industry.

10. However, Macronix's ability to provide consumers with innovative technology is dependent upon its ability to protect its innovations. To that end, Macronix's ability to compete has been significantly compromised by the acts complained of in this Complaint.

## ASSERTED PATENTS

11. Macronix is the owner of all rights, title, and interest in the Macronix Patents, including the right to bring this suit for injunctive relief and damages.

12. The '052 Patent, titled "Interpoly Dielectric Structure in EEPROM Device," was duly and legally issued by the United States Patent and Trademark Office on April 8, 1997.

13. The '772 Patent, titled "Interpoly Dielectric Process" was duly and legally issued by the United States Patent and Trademark Office on Nov. 17, 1998.

14. The '826 Patent, titled "Triple Well Floating Gate Memory and Operating Method with Isolated Channel Program, Preprogram and Erase Processes" was duly and legally issued by the United States Patent and Trademark Office on Dec. 7, 1999.

15. The '757 Patent, titled "Write Protected, Non-Volatile Memory Device with User Programmable Sector Lock Capability" was duly and legally issued by the United States Patent and Trademark Office on Feb. 29, 2000.

16. The '267 Patent, titled "Memory Array Architecture" was duly and legally issued by the United States Patent and Trademark Office on Jul. 16, 2002.

17. The '324 Patent, titled "Serial Peripheral Interface and Method for Data Transmission" was duly and legally issued by the United States Patent and Trademark Office on Dec. 25, 2012.

18. The '330 Patent, titled "Method and System for Enhanced Read Performance in Serial Peripheral Interface" was duly and legally issued by the United States Patent and Trademark Office on Dec. 25, 2012.

## COUNT I

## (INFRINGEMENT OF THE '052 PATENT)

19. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 18 above as if fully set forth herein.

20. Upon information and belief, the Defendants have infringed, and continue to infringe, the '052 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, products that practice the inventions claimed in the '052 Patent, including, but not limited to its NAND Flash memory products. Such infringing products infringe the claimed inventions literally or under the doctrine of equivalents.

21. Upon information and belief, the Defendants' acts of infringement herein have been made with full knowledge of Macronix's rights in the '052 patent. Such acts constitute willful and deliberate infringement, entitling Macronix to enhanced damages and reasonable attorneys' fees.

22. Upon information and belief, the Defendants' infringing activities have caused and will continue to cause Macronix irreparable injury unless and until enjoined by this Court.

23. As a result of the Defendants' infringing activities, Macronix has suffered and will continue to suffer damages in an amount yet to be determined. Under 35 U.S.C. §§ 283 and 284, Macronix is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**COUNT II**

**(INFRINGEMENT OF THE '772 PATENT)**

24. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 23 above as if fully set forth herein.

25. Upon information and belief, the Defendants have infringed, and continue to infringe the '772 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, products that practice the inventions claimed in the '772 Patent, including, but not limited to its NAND Flash memory products. These products are not materially changed after importation, and these acts of infringement occurred during the term of the process patent. Such infringing products infringe the claimed inventions literally or under the doctrine of equivalents.

26. Upon information and belief, the Defendants' acts of infringement herein have been made with full knowledge of Macronix's rights in the '772 patent. Such acts constitute willful and deliberate infringement, entitling Macronix to enhanced damages and reasonable attorneys' fees.

27. Upon information and belief, the Defendants' infringing activities have caused, and will continue to cause. Macronix irreparable injury unless and until enjoined by this Court.

28. As a result of the Defendants' infringing activities, Macronix has suffered and will continue to suffer damages in an amount yet to be determined. Under 35 U.S.C. §§ 283 and 284, Macronix is entitled to recover damages, as well as permanent injunctive relief, against further infringing activity.

**COUNT III**

**(INFRINGEMENT OF THE '826 PATENT)**

29. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 28 above as if fully set forth herein.

30. Upon information and belief, the Defendants have infringed, and continue to infringe, the '826 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, products that practice the inventions claimed in the '826 Patent, including, but not limited to its NOR Floating Gate Flash Memory products. Such infringing products infringe the claimed inventions literally or under the doctrine of equivalents.

31. Upon information and belief, the Defendants' infringing activities have caused and will continue to cause Macronix irreparable injury unless and until enjoined by this Court.

32. As a result of the Defendants' infringing activities, Macronix has suffered, and will continue to suffer, damages in an amount yet to be determined. Under 35 U.S.C. §§ 283 and 284, Macronix is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**COUNT IV**

**(INFRINGEMENT OF THE '757 PATENT)**

33. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 32 above as if fully set forth herein.

34. Upon information and belief, the Defendants have infringed, and continue to infringe, the '757 Patent by making, using, offering for sale, and/or selling within the United

States, and/or importing into the United States, products that practice the inventions claimed in the '757 Patent, including, but not limited to its NOR Flash memory products. Such infringing products infringe the claimed inventions literally or under the doctrine of equivalents.

35. Upon information and belief, the Defendants' acts of infringement herein have been made with full knowledge of Macronix's rights in the '757 patent. Such acts constitute willful and deliberate infringement, entitling Macronix to enhanced damages and reasonable attorneys' fees.

36. Upon information and belief, the Defendants' infringing activities have caused and will continue to cause Macronix irreparable injury unless and until enjoined by this Court.

37. As a result of the Defendants' infringing activities, Macronix has suffered and will continue to suffer damages in an amount yet to be determined. Under 35 U.S.C. §§ 283 and 284, Macronix is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

## COUNT V

## (INFRINGEMENT OF THE '267 PATENT)

38. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 37 above as if fully set forth herein.

39. Upon information and belief, the Defendants have infringed, and continue to infringe, the '267 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, products that practice the inventions claimed in the '267 Patent, including, but not limited to its family of NOR Mirror Bit Flash memory products. Such infringing products infringe the claimed inventions literally or under the doctrine of equivalents.

40. Upon information and belief, the Defendants' infringing activities have caused, and will continue to cause, Macronix irreparable injury unless and until enjoined by this Court.

41. As a result of the Defendants' infringing activities, Macronix has suffered and will continue to suffer damages in an amount yet to be determined. Under 35 U.S.C. §§ 283 and 284, Macronix is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**COUNT VI**

**(INFRINGEMENT OF THE '324 PATENT)**

42. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 41 above as if fully set forth herein.

43. Upon information and belief, the Defendants have infringed, and continue to infringe, the '324 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, products that practice the inventions claimed in the '324 Patent, including, but not limited to its family of SPI Flash memory products. Such infringing products infringe the claimed inventions literally or under the doctrine of equivalents.

44. Upon information and belief, the Defendants' infringing activities have caused, and will continue to cause, Macronix irreparable injury unless and until enjoined by this Court.

45. As a result of the Defendants' infringing activities, Macronix has suffered and will continue to suffer damages in an amount yet to be determined. Under 35 U.S.C. §§ 283 and 284, Macronix is entitled to recover damages, as well as permanent injunctive relief, against further infringing activity.

## COUNT VII

## (INFRINGEMENT OF THE '330 PATENT)

46. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 45 above as if fully set forth herein.

47. Upon information and belief, the Defendants have infringed, and continue to infringe, the '330 Patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, products that practice the inventions claimed in the '330 Patent, including, but not limited to its family of SPI Flash memory products. Such infringing products infringe the claimed inventions literally or under the doctrine of equivalents.

48. Upon information and belief, the Defendants' infringing activities have caused, and will continue to cause, Macronix irreparable injury unless and until enjoined by this Court.

49. As a result of the Defendants' infringing activities, Macronix has suffered and will continue to suffer damages in an amount yet to be determined. Under 35 U.S.C. §§ 283 and 284, Macronix is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

## PRAYER FOR RELIEF

WHEREFORE, Macronix respectfully requests that this Court:

(a) Enter judgment that the Defendants have infringed, directly and/or indirectly, one or more claims of the Macronix Patents;

(b) Permanently enjoin the Defendants, and the directors, officers, agents, servants and employees of each of the Defendants, and those acting in concert or

participation with the Defendants from infringing, either directly or indirectly, the Macronix Patents;

(c) A judgment and order permanently enjoining the Defendants and their parent corporations, subsidiaries, and affiliates from making, using, offering for sale, and selling within the United States, and/or importing into the United States, any devices containing infringing products;

(d) Order the Defendants to pay damages to compensate Macronix for Defendants' infringement, including all compensatory damages incurred in this case, including all pre-judgment and post-judgment interest and enhanced damages;

(e) An award of reasonable attorneys' fees under 35 U.S.C. § 285;

(f) Any and all other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by a jury in this action.

Dated: October 2, 2013

Respectfully submitted,

By:____________________

Charles B. Molster, III
(VSB No. 23613)
Attorney for Plaintiff Macronix International Co., LTD
WINSTON & STRAWN LLP
1700 K Street, N. W.
Washington, D.C. 20006
(202) 282-5988
(202) 282-5100 (Facsimile)
cmolster@winston.com