IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MACRONIX INTERNATIONAL
CO., LTD., a Taiwanese
Corporation,

    Plaintiff,

v.                              Civil Action No. 3:13cv679

SPANSION INC., a Delaware
Corporation, et al.,

    Defendants.

### MEMORANDUM OPINION

This matter is before the Court on DEFENDANTS' MOTION TO DISMISS (Docket No. 22), filed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion will be denied in part and granted in part.

### BACKGROUND

On October 2, 2013, Macronix International Co., Ltd. ("Macronix") filed this civil action against Spansion Inc. and Spansion LLC ("Spansion") alleging that Spansion had infringed one or more claims of seven patents owned by Macronix. By Order entered November 1, 2013 (Docket No. 13) (the "November 1 Order"), the Court, sua sponte, concluded that "the Complaint failed to satisfy the fundamental requirements of Bell Atlantic

v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009)," and ordered Macronix to file an Amended Complaint which Macronix did on November 20, 2013 (Docket No. 17) ("FAC"). The original Complaint was of the boilerplate variety modeled upon Form 18 in the APPENDIX OF FORMS at the end of the Federal Rules of Civil Procedure (the "Appendix") and referred to in Fed. R. Civ. P. 84.

The November 1 Order directed Macronix to file an Amended Complaint "that, in all respects, conforms with the pleading requirements of Twombly and Iqbal and that, in particular, recites the specific claim or claims which are alleged to be infringed, and the elements thereof that are alleged to be infringed by the allegedly infringing product, and how that product is alleged to infringe those elements." The November 1 Order also directed that the "Amended Complaint shall satisfy in the same way Twombly and Iqbal, as respects the alleged infringement under the doctrine of equivalents."

## DISCUSSION

Spansion contends that the FAC fails to comply with the requirements of the November 1 Order insofar as the FAC asserts claims of direct infringement whether by way of literal infringement or under the doctrine of equivalents. That argument, in essence, is that, as to claims of direct

2

infringement, the FAC does not pass muster under Twombly and Iqbal.

Spansion then argues that the FAC fails adequately to allege claims for induced infringement, for contributory infringement, and for willful infringement. As to induced infringement, Spansion contends that Macronix has not asserted the knowledge element of an induced infringement claim for four of the patents-in-suit and that the FAC alleges no facts suggesting that Spansion had knowledge of or specific intent to induce any infringing conduct by a third-party. As to contributory infringement, Spansion contends that Macronix has failed to allege that there are no substantial non-infringing uses of Spansion's accused products, thus failing to allege an element of contributory infringement. As to willful infringement, Spansion contends that the FAC pleads no facts showing that Spansion was aware of the asserted patents before Macronix filed this action and that, because pre-suit knowledge is a critical element of a willful infringement claim, the FAC is legally insufficient as to willful infringement.

### DISCUSSION

Under Fed. R. Civ. P. 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

3

Under Fed. R. Civ. P. 12(b)(6), if the complaint fails to state a claim upon which relief can be granted, the complaint is to be dismissed.

In 2007, the Supreme Court of the United States set forth a new standard to be applied in assessing whether, under Rule 8(a)(2), a claim was articulated sufficiently to permit a court to conclude that, if its allegations were proved, relief could be granted. In so doing, the Supreme Court retired the standard of sufficiency under Rule 8(a)(2) that was set in Conley v. Gibson, 355 U.S. 41 (1957). In Conley, the Supreme Court had assessed what was required for a legally sufficient complaint as follows:

> The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' [citing Rule 8(a)(2)] that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this.

Conley v. Gibson, 355 U.S. at 48. In Twombly, the Court changed significantly how the legal sufficiency of a claim is to be measured when it is attacked under Rule 12(b)(6). As one eminent scholar of federal civil procedure has said of Twombly: "Notice pleading is dead. Say hello to plausibility pleading." A. Benjamin Spencer, Plausibility Pleading, 49 B.C. L. Rev. 431,

4

431-32 (2008). That is because the "liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2) has been decidedly tightened (if not discarded) in favor of a stricter standard requiring the pleading of facts painting a 'plausible' picture of liability." Id. Two years after Twombly, the Supreme Court expounded more fully on the topic in Iqbal. And, as the Fourth Circuit has put it, "Twombly and Iqbal announce a new, stricter pleading standard." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 262 (4th Cir. 2009) (Jones concurring in part, dissenting in part).

Now, as the Supreme Court explained in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 550 U.S. at 555 (citations omitted). Therefore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ." Id. Twombly then made quite clear that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim,' . . . Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in

5

> <u>the complaint, it is hard to see how a complainant could satisfy the requirement</u> of providing not only '<u>fair notice</u>' of the nature of the claim, but also '<u>grounds</u>' upon which the claim rests.

<u>Bell Atlantic v. Twombly</u>, 550 U.S. at 555 n.3. (emphasis in original and added). Explaining the relationship between Rule 12(b)(6) and Rule 8(a)(2), the Court said that:

> The need at the pleadings stage for allegations plausibly suggesting (not merely consistent with) agreement [an element of an antitrust claim] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'"

<u>Id.</u> at 557. Only then, will a complaint be sufficient to withstand attack under Rule 12(b)(6). Taken as a whole, it is thus quite clear that <u>Twombly</u> effectuated a significant change in the application of Rule 8(a)(2).

That, of course, was underscored two years later when the Supreme Court decided <u>Iqbal</u>, wherein the Supreme Court explained that Rule 8:

> [D]oes not require 'detailed factual allegations,' <u>but it demands</u> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers '<u>labels and conclusions</u>' or '<u>a formulaic recitation of the elements</u> of a cause of action <u>will not do</u>.' Nor does a complaint suffice if it tenders '<u>naked assertion[s]</u>' <u>devoid of 'further actual enhancement.</u>'

556 U.S. at 678. (internal citations omitted) (emphasis added). To explain what plausibility means, the Court said, as to claims

asserted under Rule 8, that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, plausibility requires a complaint to place the legal conclusions it makes in context of facts that render the asserted claim plausible. Now, as Professor Spencer has aptly put it: "Only those complaints that plead facts suggestive of liability satisfy the Rule 8(a) obligation to state a claim that shows entitlement to relief." A. Benjamin Spencer, supra, at 448.

The legal sufficiency of a complaint presented under Rule 8(a) is tested by a motion made under Rule 12(b)(6). "The question of whether a Rule 12(b)(6) motion was properly granted is purely a procedural question not pertaining to patent law to which [courts apply] the rule of the regional . . . circuit." C&F Packing Co., Inc. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed. Cir. 2000); McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Rule 8(a) also is a purely procedural rule, the application of which is governed by the law of the regional circuit. In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1331, 1337 (Fed. Cir. 2012).

The Fourth Circuit made clear, in Nemet Chevrolet, Ltd., that the assessment of the pleadings for sufficiency after

7

Twombly and Iqbal was quite a different proposition than it previously had been. And, in Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), the Fourth Circuit explained that, although Iqbal does not require "hyper-technical pleading," Rule 8 requires the plaintiff to do more than simply allege that he or she is entitled to relief because the complaint must "show" that the plaintiff is entitled to relief. These principles provide the framework for assessing whether the FAC satisfies the new, stricter requirements for a complaint to state a claim on which relief can be granted. To that task, we now turn.

I.  **The Pleading Requirements and Reliance Upon Form 18**

Spansion contends that the FAC's claims for direct and indirect infringement are legally insufficient. Macronix begins its opposition by asserting that its case is only for direct infringement and that complaints presenting such claims, whether for literal infringement or infringement by the doctrine of equivalents, need only comply with Form 18 of the Appendix. That, says Macronix, is because of Rule 84, which provides that: "[t]he forms in the Appendix suffice under these rules . . . ." And, of course, that would include sufficiency under Rule 8. Indeed, the Federal Circuit has so held. Bill of Lading, 681 F.3d at 1331-34. Bill of Lading in turn is based upon the decision in McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357

8

and 1360 (Fed. Cir. 2007) which held that, by virtue of Rule 84, a complaint satisfying Form 18 was legally sufficient to state a claim, the holding in Twombly notwithstanding.

The threshold problem with McZeal and Bill of Lading is that they accord no force to either the text or teaching of Twombly and Iqbal which require more to plead a legally sufficient claim than is set out in Form 18. However, the majority in McZeal took the view that Twombly "did not really change the pleading requirement of Federal Rule of Civil Procedure 8 as articulated by Conley." McZeal, 501 F.3d at 1356 n.4. That, of course, is at odds with how the Fourth Circuit has understood the effect of Twombly and Iqbal on Rule 8(a). Moreover, as Professor Spencer pointed out: "there are [] hundreds of published lower federal court opinions that have read Twombly as announcing a new pleading standard that is generally applicable to cases in the federal system [not just antitrust cases]." A. Benjamin Spencer, *supra*, at 458.

Second, McZeal and subsequently Bill of Lading[1] proceed from the premise that the forms in the Appendix take precedence over Supreme Court decisions even though those decisions render the forms no longer viable. Both decisions actually express the view that, even though Form 18 cannot be squared with Twombly (McZeal) or Twombly and Iqbal (Bill of Lading), a complaint that

---

[1] At the time of those decisions, Form 18 was Form 16.

9

meets the form nonetheless remains sufficient because of Rule 84 and that it will remain so until the rule or the form, or both, have been changed under the rule making procedures of the Rule Enabling Act. 28 U.S.C. § 2072. However, that view ignores the fact that, in Twombly and Iqbal, the Supreme Court was explaining how to apply Rule 8(a), not changing it. And, it needs no authority to accept that decisions by the Supreme Court that instruct how to apply the Federal Rules of Civil Procedure are controlling.

Without doubt, Twombly and Iqbal also implicate the "sufficiency" statement in Rule 84. In particular, when Rule 84 says that a form "suffices under these rules," it obviously refers, inter alia, to Rule 8(a) and to Form 18 which posits what was thought before Twombly and Iqbal to be sufficient, at least as to claims of direct infringement. And, if the Supreme Court, as it clearly did in Towmbly and Iqbal, says that Rule 8(a) must be applied differently than is provided for in a form, then the viability of the form must be measured against the new standard, even if the effect of doing so is to nullify the form.

In holding otherwise as to Form 18 for direct infringement, McZeal and Bill of Lading simply exempted those kinds of cases from the reach of Twombly and Iqbal as if a rule change were necessary to implement a Supreme Court decision addressing application of a rule of procedure. Neither McZeal nor Bill of

10

Lading cited authority to support the proposition that, as to application of the rules of procedure, a Supreme Court decision does not take effect until the rule is changed under the Rules Enabling Act. Macronix provided no such authority. And, the Court could find none.

Instead, the Federal Circuit in Bill of Lading cited a footnote in Twombly as support for its view that to require patent complaints to adhere to the rule of Twombly would be to require a "heightened" pleading that, in turn, would require an amendment of the federal rules. In re Bill of Lading, 681 F.3d at 1334 (citing Twombly, 550 U.S. at 569 n.14). However, in that footnote, the Supreme Court said: "[i]n reaching this conclusion [that the complaint was legally insufficient], we do not apply any "heightened" pleading standard. . . ." Bell Atlantic Co., Inc. v. Twombly, 550 U.S. at 569 n.14. Moreover, as Professor Spencer noted, hundreds of published federal court opinions have accepted Twombly as supplying the controlling precept for measuring the sufficiency of complaints in antitrust and all other federal cases. And, the Fourth Circuit regards the two decisions as in full force and effect, and as controlling in this Circuit.

Rule 84 has been in effect since 1937. It was amended in 1946 and remained intact in that form from then until a stylistic amendment was made in 2007. Surely, the Supreme Court

11

was aware of Rule 84 and the conclusory, talismanic language of the forms when it decided Twombly and Iqbal. Indeed, Conley itself had taken the view that the illustrative forms demonstrated what was sufficient to give notice of, and show the grounds for, the claim. Conley v. Gibson, 335 U.S. at 47. And, it was that view of what was sufficient under Rule 8(a) to accomplish the notice and showing requirements of the rule that Twombly rejected. It is neither logical nor reasonable to accept that the Supreme Court did not appreciate that the forms in the Appendix would not meet the standard for sufficiency set by Twombly and Iqbal. Having explained in those cases how to apply Rule 8(a), the rule that addresses when a complaint suffices, the Supreme Court had no need to also instruct that an insufficient form could no longer be used.

Nor did the 2007 amendments take the forms beyond the reach of Twombly. Rule 84 and Form 18 were amended on April 30, 2007. They took effect on December 1, 2007. However, the Advisory Committee Notes make no reference to Twombly. That is for good reason because Twombly was not decided until May 27, 2007. By that time, the proposed rules had been published and approved, and would take effect on December 1 unless Congress rejected them. That did not happen.[2]

---

[2] Moreover, it is quite clear from the Advisory Committee Notes that the 2007 amendment to Rule 84 and the forms themselves were

Finally, to exempt patent complaints from the requirements of Twombly and Iqbal is to ignore a fundamental rationale that underpins those decisions. In Twombly, the Supreme Court made clear that the more rigorous application of Rule 8(a) was needed to assure that the parties would not embark on expensive litigation unless the plaintiff had made in the complaint a plausible case. Bell Atlantic Corp., Inc. v. Twombly, 550 U.S. at 557-59; A. Benjamin Spencer, *supra*, at 450-52.

Twombly was an antitrust case, a kind of litigation well-known for extensive discovery and high litigation costs. Patent cases fit the same bill, perhaps even more so. Indeed, patent cases generally are among the most expensive kinds of cases in federal court. It is not logical to exempt them from the reach of Twombly and Iqbal, whose prime purpose was to assure that such expense was not incurred unless the plaintiff had posited a plausible claim in the complaint.

Satisfying the requirements of Twombly and Iqbal, of course, will require counsel to focus complaints only on viable claims. Thus, before filing a complaint, counsel must ascertain exactly what claims should alleged to be infringed and how they are infringed. That can be done with brevity and clarity if

---

intended to be stylistic only. Fed. R. Civ. P. 84, Advisory Committee Note, 2007 Amendments. Thus, the stylistically revised forms in the 2007 Amendments could not have been thought by the Advisory Committee to satisfy Twombly, much less to place Form 18 beyond its reach.

13

counsel know at the outset their theories of infringement and what can, and cannot, be said about allegedly infringing conduct. That, in turn, may well, indeed likely will, require expert assistance. And, it will mean taking great care when crafting a succinct, but sufficient, patent complaint. But, that is not asking too much.

Indeed, it is high time that counsel in patent cases do all of that work before filing a complaint. That, of course, will serve to winnow out weak (or even baseless) claims and will protect defendants from the need to prepare defenses for the many claims that inevitably fall by the way side in patent cases. That also will serve to reduce the expense and burden of this kind of litigation to both parties which, like the antitrust litigation in Twombly, is onerous. The current practice is to file a Form 18 complaint and then, using claim charts, prior art charts, discovery, and motions, to pare claims that ought not to have been brought or that cannot withstand careful scrutiny. That process has proven to be an increasingly expensive proposition for the parties and one that takes a tremendous toll on already strained judicial resources.

There is no logical reason to exempt patent complaints from the plausibility requirements that apply to all other federal complaints. If counsel will but accept the task, the expense of patent litigation and the burden on the courts will be reduced.

If they will not, their cases will be dismissed and they may face sanctions. But neither is necessary.

For the foregoing reasons, Twombly and Iqbal must be used to measure the sufficiency of complaints for direct infringement, whether literal infringement or infringement by the doctrine of equivalents.[3] The parties seem to agree that the sufficiency of claims for indirect infringement is to be measured by Twombly and Iqbal.

## II. The Claims for Direct Infringement

Spansion seeks dismissal of the direct infringement claims as presented in the FAC because Macronix did not comply with the November 1 Order which, of course, was based on, and simply implemented Twombly and Iqbal. Measured by those decisions and the November 1 Order, the FAC fails adequately to allege infringement under the doctrine of equivalents because the FAC merely asserts liability under that doctrine in a bare bones, conclusory form. For the same reason, the FAC also fails to

---

[3] McZeal and Bill of Lading have animated the approach taken by three decisions in this district, namely W.L. Gore & Ass., Inc. v. Medteronic, Inc., 778 F. Supp.2d 667, 673-675 (E.D. Va. 2011); The Nielsen Co. (US) LLC v. Comscore, Inc., 819 F. Supp.2d 589, 599-600 (E.D. Va. 2011); Va. Innovations Sciences, Inc. v. Samsung Elecs. Co., Inc., ___ F. Supp.2d ___ (E.D. Va. 2013), Case No. 2:12cv548, 2013 WL 6053846, at *2 (E.D. Va. Nov. 15, 2013). In these three well-expressed decisions, my fine colleague in the Norfolk division has expressed views different than those herein. While I respect those views, I cannot subscribe to them.

15

satisfy the November 1 Order. Moreover, it is not even clear from the FAC what is alleged to be literally infringed and what is alleged to be infringed by equivalents.

Finally, as Spansion points out, the claims for literal infringement do not allege how the offending products allege the claims recited in the FAC. That allegation is required to put Spansion on notice of what it has to defend and to make a plausible showing of infringement.[4] Further, as to its other allegations, the FAC simply alleges that each element of a cited claim is infringed and then parroted the claim language for each element. That simply does not satisfy the notice and showing requirements of Rule 8(a) as interpreted by <u>Twombly</u> and <u>Iqbal</u>. Nor does it satisfy the brevity and simplicity requirement of the rule.

For these reasons, the FAC fails the test of <u>Twombly</u> and <u>Iqbal</u>, the November 1 Order and Rule 8(a). The direct claims for infringement, both literal infringement and by the doctrine of equivalents, thus, will be dismissed. However, considering the state of the law respecting the sufficient pleading of claims for direct infringement, Macronix will be given leave to file a Second Amended Complaint. In that regard, Macronix is advised to be clear respecting the claims that are literally

---

[4] Of course, the showing need not be made in detail but it must be made.

infringed and those that are alleged to be infringed by equivalents. And, Macronix would be wise to hew closely and succinctly to the requirements of the November 1 Order and avoid larding the Second Amended Complaint with unnecessary and indiscriminate verbiage. And, Macronix would do well to eschew the blunderbuss approach to pleading reflected in the FAC and press only assertions that have merit and to state them briefly and clearly but in a way to satisfy the notice and showing requirements of Rule 8(a), as interpreted by Twombly and Iqbal.

### III. Claims for Induced Infringement and Contributory Infringement

Spansion asks the Court to dismiss claims for indirect infringement, whether by way of inducement or contributory infringement. Macronix's response disposes of the argument.

Macronix says that the "seven counts [of the First Amended Complaint] accuse Spansion of only direct infringement of each of the seven Macronix asserted patents." PLAINTIFF MACRONIX INTERNATIONAL CO., LTD'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (Docket No. 38), p. 4. Although there does appear to be some language suggesting that there are claims for indirect infringement, Macronix will be taken at its word, and its pleading will be thusly interpreted. Accordingly, the motion to dismiss the FAC to the extent that it asserts claims for indirect infringement, either for inducement or contributory

17

infringement, will be denied as moot. Macronix should make clear in its Second Amended Complaint that it is not presenting such claims.

## IV. The Willful Infringement Allegations

The willfulness allegation pertains to only three of the seven counts. In four counts, there is no willfulness allegation. The FAC adequately alleges, as to the three patents which are the subject of the willfulness infringement claims, willful infringement because it alleges that Spansion had committed acts of infringement with full knowledge of Macronix's rights in its patents. FAC, ¶¶ 22, 28 and 39. That is sufficient.

## CONCLUSION

For the foregoing reasons, the DEFENDANTS' MOTION TO DISMISS (Docket No. 22) will be denied in part and granted in part with leave to amend.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 10, 2014