UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MACRONIX INTERNATIONAL CO., LTD.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPANSION INC. and SPANSION LLC,<br><br>　　　　Defendants. | Case No. 5:14-cv-01890-BLF<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR STAY; VACATING CASE MANAGEMENT CONFERENCE; AND TERMINATING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>[Re: ECF No. 104] |

In this patent infringement action, Defendants move for a stay of litigation pending resolution of an investigation by the United States International Trade Commission ("ITC"), which was initiated by Plaintiff and addresses four of the seven patents-in-suit here. The Court has considered the parties' briefing as well as the oral argument presented at the hearing on December 11, 2014. For the reasons stated on the record and herein, the motion is GRANTED IN PART.

With respect to the four patents-in-suit that are the subject of the ITC proceeding ("overlapping patents"), both sides agree that a stay is mandatory. When a civil action involves parties that also are parties to a proceeding before the ITC, the district court must grant a timely request for stay of the civil action "with respect to any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a). "The purpose of § 1659 is to prevent separate proceedings on the same issues occurring at the same time." *In re*

1   *Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).  The stay remains in place until the ITC

2   determination "becomes final," meaning until all appeals are exhausted.  *Id.*

3         With respect to the remaining three patents-in-suit ("non-overlapping patents"), the Court

4   has discretion to stay litigation that is related to, but not duplicative of, ITC proceedings.  *Zenith*

5   *Electronics LLC v. Sony Corp.*, No. C 11-02439 WHA, 2011 WL 2982377, at *2 (N.D. Cal. July

6   22, 2011).  "When ruling on a motion for a discretionary stay in a patent case, a district court

7   applies the law of its court of appeals."  *Id.* at *2 n.*.  In the Ninth Circuit, a court considering

8   whether a discretionary stay is warranted should balance the following three nonexclusive factors:

9   (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or

10  inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of

11  justice measured in terms of the simplifying or complicating of issues, proof, and questions of law

12  which could be expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110

13  (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

14        As to Factor 1, the parties agree that ITC proceedings likely will be completed in

15  Defendant 2015, meaning that any stay would last at least one year and potentially double or triple

16  that depending upon appellate proceedings.  Plaintiff understandably is quite concerned that

17  evidence may be lost during such a lengthy period, that witnesses may become unavailable, and

18  that memories may fade.  Plaintiff also points out that while two of the non-overlapping patents

19  have expired, the third does not expire until 2021.  A stay would preclude Plaintiff from seeking

20  injunctive relief as to that patent.  While any sense of urgency with respect to injunctive relief is

21  undercut somewhat by Plaintiff's failure to seek a preliminary injunction, the Court must consider

22  the effect of an order that would preclude Plaintiff from pursuing permanent injunctive relief for

23  up to several years.  Plaintiff additionally contends that in light of other litigation in which

24  Defendants are involved, a lengthy delay would increase the chance that Defendants might

25  become insolvent and thus unable to satisfy a judgment.  While that argument is not persuasive

26  given Defendants' evidence of total assets exceeding $1 billion, the Court concludes that the

27  potential loss of evidence and, to a lesser extent, the delay in the opportunity to obtain permanent

28  injunctive relief, weigh against issuance of a discretionary stay.

United States District Court
Northern District of California

Factor 2 weighs in favor of a stay, as Defendants otherwise will be required to litigate on two fronts simultaneously. However, Defendants are sophisticated entities with able attorneys and significant resources. Thus the Court does not accord this factor substantial weight.

Finally, with respect to Factor 3, it is possible that the ITC's determinations might narrow or simplify the issues in this action, but then again they might not. Moreover, ITC findings are not binding upon this Court. *See Zenith*, 2011 WL 2982377, at *3. However, it does appear that litigating the non-overlapping patents now and the overlapping patents later would result in at least some duplication of effort and evidence. Accordingly, this factor weighs in favor of a stay.

Having considered the evidence and arguments before it, and reviewed the approaches taken by other courts in this district, this Court concludes that practicality and fairness best are served by permitting discovery to go forward as to the three non-overlapping patents while staying motion practice and compliance with the local patent rule disclosure requirements as to those patents. *See Zenith*, 2011 WL 2982377, at *3-4. Plaintiff's counsel indicated at the hearing that this approach would address Plaintiff's most significant concerns. The Court will direct the parties to file a joint status update in October 2015. At that time, if any party believes that the issue of the stay should be revisited, that party may raise the issue in the status update. As a discovery plan is developed, it may become apparent that certain avenues of inquiry constitute wasted effort or are inefficient. The Court presumes that the parties will make every effort to resolve such issues, but if that is not possible then any party may seek relief with respect to particular discovery requests.

**ORDER**

Accordingly, for good cause shown:

(1) Defendants' motion for stay is GRANTED IN PART. The Court hereby STAYS the litigation entirely as to the four overlapping patents and STAYS motion practice and compliance with the local patent rule disclosure requirements as to the three non-overlapping patents. However, discovery may go forward as to the non-overlapping patents.

(2) The January 13, 2015 Case Management Conference is VACATED.

3

(3) Plaintiff's motion for leave to amend is administratively TERMINATED without prejudice to its renewal upon the lifting of the stay. The February 12, 2015 hearing on that motion is VACATED.

(4) The parties shall submit a joint status update on or before October 30, 2015.

IT IS SO ORDERED.

Dated:   December 12, 2014

_____
BETH LABSON FREEMAN
United States District Judge

4